UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

United States of America

v.

Thomas Baker et al.,

*Defendants.*

**Protective Order**

**20 Cr. 288 (LJL)**

Upon the application of the United States of America, with the consent of the undersigned counsel on behalf of the Defendants in the above-captioned case (the "Defendants"), and the Defendants having requested discovery under Federal Rule of Criminal Procedure 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the Defendant(s) of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (1) affects the privacy and confidentiality of individuals and entities; (2) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (3) has not yet been searched by the Government to determine responsiveness; and (4) is not authorized to be disclosed to the public or others besides the Defendants and their counsel in this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as 'sensitive disclosure material' contains information that identifies, or could lead to the

identification of witnesses who based on the Complaint and Indictment and the Government's proffer, which are not disputed for purposes of this Order only, (1) may be subject to intimidation or obstruction, and (2) whose lives, persons, and property, as well as the lives, persons and property of loved ones, may be subject to risk of harm absent the protective considerations set forth herein. This disclosure material or portions of this material is "sensitive" and should not be disclosed to the defendant outside the presence of counsel or members of the defense team. As of the date of this Order, the Government and the Defense agree that the following disclosure material is sensitive:

- Rap sheets
- Medical records

The parties recognize that the Government may, upon further review of discovery, determine additional disclosure material is "sensitive." In the event the Government determines there are additional "sensitive" disclosure material, it will label that material as "sensitive," and provide Defense counsel with both an unredacted copy of this material and a redacted copy of this material. Defense counsel will provide the Defendant only with the redacted copy of the labeled "sensitive" disclosure material. The Government agrees to confer with Defense counsel in an attempt to resolve any dispute regarding the labeling of any disclosure material as "sensitive." Any unresolved dispute as to whether material should be omitted or redacted from dissemination to the Defendants shall be promptly brought to the attention of the Court for its resolution. Until any such

dispute is resolved, Defense counsel will refrain from sharing the disputed material with the defendants in unredacted form.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation and to disclose the disclosure material and sensitive disclosure material without significant delay occasioned by responsiveness or necessary redactions. It will also afford the defense prompt access to those materials, in unredacted form, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly, it is hereby Ordered:**

5. Disclosure material and sensitive disclosure material shall not be disclosed by the Defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material or sensitive disclosure material on any Internet site or network site,[1] and shall not disclose any disclosure material or sensitive disclosure material to any third party except as set forth below.

6. Disclosure material may be disclosed by counsel to:

---

[1] This does not prohibit counsel for any defendant from using secure, private web services such as "Drop Box" to store disclosure material or sensitive disclosure material, or to transfer such materials to other authorized recipients.

      a. Personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action;

b. Prospective witnesses for purposes of defending this action.

c. The Defendants.

7. Sensitive disclosure materials shall be labeled "SENSITIVE" and may be disclosed only to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, and the Defendants, subject to the following limitations:

a. The Defendants may review unredacted sensitive disclosure material only in the presence of counsel or any other person authorized to receive sensitive disclosure material;

b. The Defendants may not copy or otherwise record unredacted sensitive disclosure material; and

c. The Defendants may not keep unredacted sensitive disclosure material or a copy of such material outside the presence of counsel, including in any prison facility.

8. The Government may authorize, in writing, disclosure of disclosure material and sensitive disclosure material beyond that otherwise permitted by this Order without further Order of this Court.

8. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action. However, sensitive disclosure material pertinent to any motion before the Court should initially be filed under

seal, absent consent of the Government or order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

**Disclosure and Protection of Seized ESI**

9. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized—pursuant to warrants issued during the course of the investigation or with the owner's or user's consent—from various computers, cell phones, and other devices and storage media, as well as social media accounts. Such ESI was seized from various cellphones and social media accounts belonging to the Defendants.

10. The Government will disclose to counsel for each defendant their client's ESI. Defense counsel for each defendant shall advise the Government of material in their client's ESI that due to concerns for their client's privacy, should not be disseminated to the other defendants. Only those ESI materials which Defense counsel agrees that for his/her own client does not pose privacy concerns for their client, shall be disseminated to the other Defendants. Any disputes as to whether material should be omitted or redacted from dissemination to all the Defendants shall be promptly brought to the attention of the Court for its resolution. Seized ESI material shall generally be treated as sensitive disclosure material, and other than the Defendant's own seized ESI material, the Defendants may not keep such material or copy such material.

12. The Defendants, defense counsel, and personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, may review the seized ESI

disclosure material to identify items pertinent to the defense. They shall not further disseminate or disclose any portion of the seized ESI disclosure material except as otherwise set forth under this Order.

13. This Order places no restriction on a defendant's use or disclosure of ESI that originally belonged to the defendant.

**Return or Destruction of Material**

14. Subject to the governing Rules of Professional Conduct, except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later. If disclosure material is provided to any prospective witnesses, counsel shall make reasonable efforts to seek the return or destruction of such materials.

15. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material. All such persons shall be subject to the terms of this Order.

16. This provision does not apply to any disclosure material or ESI that originally belonged to the defendant.

**Retention of Jurisdiction**

16. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: /s/ Date: 8/11/2020
Mathew Andrews
Assistant United States Attorney

Ariel Werner Date: 8/12/2020
Ariel Werner, Esq.
Counsel for Tony McNair

Date: 8/12/2020
Scott B. Tulman, Esq.
Counsel for Thomas Baker

Date: ____________
Donna Newman, Esq.
Counsel for Kitwane Parkinson

SO ORDERED:
Dated: New York, New York
August ___, 2020

THE HONORABLE LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE

16. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
Acting United States Attorney

by: /s/ Date: 8/11/2020
Mathew Andrews
Assistant United States Attorney

_______________________ Date: _______________
Ariel Werner, Esq.
Counsel for Tony McNair

_______________________ Date: _______________
Scott Tulman, Esq.
Counsel for Thomas Baker

[signature] Date: 8/12/2020
Donna Newman, Esq.
Counsel for Kitwane Parkinson

SO ORDERED:
Dated: New York, New York
July ____, 2020

8/14/2020

[signature]
THE HONORABLE LEWIS J. LIMAN
UNITED STATES DISTRICT JUDGE