

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

July 24, 2020

**BY ECF**
Honorable Lewis J. Liman
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

**GRANTED.**

11/20/2020

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

Re:   *United States v. Baker et al.*, 1:20-cr-00288-LJL

Dear Judge Liman,

      The Government writes in connection with the defendants' motion to inspect the records and papers used in connection with the constitution of the Master and Qualified Jury Wheels (Dkt. No. 20).

      As the Court is aware, there is ongoing briefing on an identical motion before Judge Failla in *United States v. Balde*, 20-cr-281(KBF) (the "*Balde* Motion"). On or about July 14, 2020, the parties in *Balde* submitted a joint letter to Judge Failla describing describing issues of agreement and disagreement concerning the *Balde* Motion. Thereafter, on or about July 16, 2020, Judge Failla endorsed the letter and ruled on the parties' two areas of disagreement. The letter and endorsement are incorporated herein as Exhibit A.

      The Government respectfully requests that the Court adopt Judge Failla's ruling in *Balde*. This will conserve judicial resources and promote the parties' ability to reach a mutually-agreed upon outcome with regard to the instant motion and identical motions pending before other judges in the District.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney

by:  s/ Mathew S. Andrews_____
     Mathew S. Andrews
     Assistant United States Attorney
     212 637 6526

# Exhibit A



U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

**MEMO ENDORSED**

July 14, 2020

**BY ECF & EMAIL**

The Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

    Re:    *United States v. Souleymane Balde*, 20 Cr. 281 (KPF)

Dear Judge Failla:

    The parties write jointly to apprise the Court of the status of the defendant's requests for records and papers used in connection with the constitution of the Master and Qualified Jury Wheels in the United States District Court for the Southern District of New York, following a call with Linda Thomas, the Jury Administrator for the Southern District of New York (the "Jury Administrator"), that took place on June 30, 2020 (the "June 30 Call"). The defendant's requests are set forth in the defendant's letter motion filed on June 9, 2020 (Dkt. No. 14), attached hereto as Exhibit A.

    **I.**    **The Defendant's Requests**

    **a. Fully Satisfied Requests**

    Following the June 30 Call, the defendant has informed the Government that the Jury Administrator has responded to the following requests in full, subject to the Jury Administrator's confirmation of the parties' understanding of the answers set forth in Exhibit B: requests 1, 2, 3, 5, 6, 9, and 14.

    **b. Partially Satisfied Requests**

    Additionally, following the June 30 Call, the defendant has informed the Government that the Jury Administrator has provided partial responses to requests 4 and 13. More specifically, the parties' positions with respect to request 4 and 13 are set forth below:

July 14, 2020
Page 2

- **Request 4**: A description of work done, contact information, and communications with any vendors in the creation of the Master and Qualified Jury Wheels used to summon grand jurors in this case.

    Defendant's position: Ms. Thomas provided a summary of the work done by outside vendors in connection with the creation of the Jury Wheels and the issuance of summons. She also provided the name of the vendor. We still seek any and all communications between the vendor and the Administrator and her office regarding the application and implementation of the jury plan in the formulation of the Jury Wheels and the issuance of summonses.

    Government's response: To the extent the request seeks information unrelated to the selection of the grand jury that indicted the defendant, the Government objects to the request. *See United States v. LaChance*, 788 F.2d 856, 868 (2d Cir. 1986) (under the Jury Selection and Service Act, defendants may "challenge only improprieties affecting the *particular* grand jury which indicted them" (citation omitted, emphasis in original)).

- **Request 13**: The procedures implemented related to prospective jurors who do not respond to a juror qualification form or have their juror qualification form returned from the Postal Service as undeliverable as described in the Jury Plan Section III E.

    Defendant's position**:** We understand that the SDNY Jury Plan and 28 U.S.C. § 1866(g) document potential steps to take in response to jurors who do not respond to a juror qualification form or have their form returned as undeliverable. We continue to seek any steps or policies, formal or informal, which are followed during these scenarios. Alternatively, if no action was taken during the relevant time, please indicate such.

    Government's response: The Government objects to the defendant's request on the grounds that the Jury Administrator made clear during the June 30 Call that all relevant procedures—whether formal or informal—are outlined in the SDNY Jury Plan. (*See* June 30, 2020 Tr. at 40:13-41:11.)

    c. **Outstanding Requests**

The defendant has the following outstanding requests: requests 7, 8, 10, 11, 12, 15, 16, 17, 18, 19, 20, 21, and 22. The Government does not object to these requests.

July 14, 2020
Page 3


## II. Production of Documents and Information

The parties jointly propose that the Jury Administrator produce documents responsive to the uncontested requests as soon as possible, consistent with the Court's order, simultaneously to both parties.[1] Once the Court has resolved the dispute regarding request 4 and 13, the additional documents can be produced at that time.

## III. Protective Order

The Government believes that a protective order governing the production of materials from the Jury Administrator is necessary, given the sensitive and/or personal identifying information expected to be contained in the materials.

Defense Position: Our request does not seek sensitive or personal identifying information. To the extent that any such information is produced, we do not have an objection to that information being covered by a protective order. We believe that a protective order is unwarranted for the remainder of the data and documents because 28 U.S.C. section 1867(f) provides penalties for unlawful disclosure of the records. We will continue to try to resolve the issue with the government and to reach agreement on a proposed order.

---

[1] As this Court is aware, similar requests have been made in multiple cases in this District, including *United States v. Baker*, 20 Cr. 288 (LJL), *United States v. Davila*, 20 Cr. 292 (PKC), *United States v. Fuentes Ramirez*, 15 Cr. 379 (PKC), *United States v. Henry*, 20 Cr. 293 (LJL), *United States v. Hightower*, 20 Cr. 303 (RMB), *United States v. Leonos-Perez*, 20 Cr. 300 (PAC), *United States v. Rivera*, 20 Cr. 304 (AJN), *United States v. Rodriguez*, 20 Cr. 302 (PKC), *United States v. Sanjurjo*, 20 Cr. 316 (ER), *United States v. Shulte*, 17 Cr. 548 (PAC), *United States v. Simmons*, 20 Cr. 294 (PKC), and *United States v. Williams*, 20 Cr. 286 (WHP). To the extent the Government is ordered to produce all or some of the records produced in this case in other cases, the Government can facilitate those productions without further burdening the Jury Administrator or requiring that she make multiple, duplicative productions.

July 14, 2020
Page 4

The parties intend to continue to attempt to reach resolution on this issue, and seek input from the Court if necessary, prior to the production of any materials by the Jury Administrator.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney for the
Southern District of New York

By: _____M. Sh_____
Christy Slavik
Kiersten A. Fletcher
Assistant United States Attorneys
(212) 637-1113/2238

cc: Jennifer Willis, Esq.
     Isaac Wheeler, Esq.

```
The Court is in receipt of the above joint letter from the parties
in this matter.  (Dkt. #29).  The Court agrees with the Government
with respect to Request #4.  Mr. Balde may obtain a description of
work done, contact information, and communications with
any vendors regarding the summoning of the grand jurors who
indicted Mr. Balde.

With respect to Request #13, the Court understood the Jury
Administrator to state that the relevant procedure is outlined in
the Jury Plan, which appears at Article III(E).  Mr. Balde may
however, request any further steps or policies, formal or
informal, that the Jury Administrator has with respect to
prospective jurors who do not respond to a juror qualification
form or have their juror qualification form returned from the
Postal Service as undeliverable.
```

SO ORDERED.

Dated: July 16, 2020
      New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE